# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Dion Bartlett                      Docket No. 4:11cr0035

### Petition on Supervised Release

COMES NOW Rodney D. Carter, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Dion Bartlett, who was placed on supervision by The Honorable Mark S. Davis, United States District Judge, sitting in the Court at Newport News, Virginia, on the 24th day of October, 2011,* who fixed the period of supervision at Three (3) Years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Page 2.

*Supervision began on February 19, 2014.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

### ORDER OF COURT

Considered and ordered this 16th day of Sept., 2014 and ordered filed and made a part of the records in the above case.

/s/ ____
Mark S. Davis
United States District Judge

Mark S. Davis
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 9/14/14

____
Rodney D. Carter
U.S. Probation Officer

Place: Newport News, Virginia

TO CLERK'S OFFICE                              Prob 12 (10/09)

OFFENSE:

Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base, a Class C Felony

SENTENCE:

48 months imprisonment, 3 years supervised release, and $100.00 special assessment.

SPECIAL CONDITIONS:

1. The defendant shall pay for the support of his children in the amount ordered by any social service agency or court of competent jurisdiction. In the absence of any such order, payments are to be made on a schedule to be determined by the Court at the inception of supervision, based on the defendant's financial circumstances.

2. The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial costs to be paid by the defendant, all as directed by the probation officer.

ADJUSTMENT TO SUPERVISION:

Dion Bartlett's three-year period of supervised release began on February 19, 2014, upon his release from custody. The U.S. Probation Office fully reviewed Bartlett's conditions of supervised release with him on November 7, 2013, and February 20, 2014. Per special conditions of supervision, Bartlett was only enrolled in the U.S. Probation Office Random Urinalysis Code-A-Phone Program. Bartlett completed payment of his special assessment.

Bartlett's overall adjustment to supervision has been poor. During his period of supervision, Bartlett has consistently used controlled substances and submitted abnormal urinalyses. On July 12, 2014, Bartlett reported to The Counseling Center and completed an updated substance abuse assessment. It was recommended that Bartlett enter into a 10-week plan of outpatient group substance abuse treatment. Bartlett entered such on July 26, 2014. Bartlett resides and works in Williamsburg, Virginia.

VIOLATIONS:

The following violations are submitted for the Court's consideration:

CONDITION 3:         FAILURE TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER.

On February 20, 2014, Bartlett was presented with the Code-A-Phone Calling and Reporting Instructions form. The form was reviewed and signed with understanding and Bartlett was provided with a copy of the form for his records. Bartlett failed to follow the probation officer's instructions and submitted abnormal water-loaded urinalyses on February 20, June 9, June 27, July 3, and August 27, 2014.

CONDITION 7:         POSSESSION OF COCAINE AND MARIJUANA.

On May 27, 2014, Bartlett submitted a preliminary urinalysis that tested positive for marijuana. On June 9, 2014, the probation officer confronted Bartlett about the positive screen, at which time he admitted to using marijuana on or about May 27, 2014, and signed an Admission of Use form. On June 23, 2014, the Court reviewed a Violation Report regarding the positive urinalysis reported on June 13, 2014.

On July 3, 2014, Bartlett submitted a preliminary urinalysis that tested positive for marijuana. On July 22, 2014, the probation officer confronted Bartlett about the positive screen, at which time he admitted to using marijuana on or about July 3, 2014, and signed an Admission of Use form. On July 31, 2014, the Court reviewed a Violation Report regarding the positive urinalysis reported on July 25, 2014.

On July 28, 20143, Bartlett submitted a preliminary urinalysis that tested positive for marijuana. On August 14, 2014, the probation officer confronted Bartlett about the positive screen, at which time he denied using marijuana. On August 21, 2014, this officer received G.C.M.S. confirmation that said test was positive for marijuana. On August 27, 2014, the Court reviewed a Violation Report regarding the positive urinalysis reported on August 26, 2014.

On August 18, 2014, Bartlett submitted a preliminary urinalysis that tested positive for cocaine and marijuana. On August 28, 2014, the probation officer confronted Bartlett about the positive screen, at which time he admitted to using cocaine and marijuana on or about August 18, 2014, and signed an Admission of Use form.

As Bartlett has tested positive for illegal substances more than three times over a calendar year, he is eligible for mandatory revocation pursuant to 18 U.S.C. 3583(g)(4).

RDC/ytv